IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

AUGUST 1999 SESSION

FILED

Ocotober 19, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ARDIE JACKSON, | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9810-CR-00318 |
| | ) | |
| vs. | ) | Shelby County |
| | ) | |
| STATE OF TENNESSEE, | ) | Hon. Terry Lafferty, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:
CRAIG B. FLOOD, II
Attorney at Law
100 N. Main, Ste. 2400
Memphis, TN 38103

FOR THE APPELLEE:
PAUL G. SUMMERS
Attorney General & Reporter

CLINTON J. MORGAN
Asst. Attorney General
425 Fifth Ave. North
2d Floor, Cordell Hull Bldg.
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

CAMILLE McMULLEN
Asst. District Attomey General
201 Poplar Ave., Third Fl.
Memphis, TN 38103

OPINION FILED:_____

AFFIRMED - RULE 20

JAMES CURWOOD WITT, JR., JUDGE

The petitioner, Ardie Jackson, filed a post-conviction petition alleging his guilty plea to the crime of especially aggravated kidnapping was not knowingly and voluntarily entered and that his counsel was ineffective. Following a hearing, the trial court denied relief. In this appeal, the petitioner raises only the voluntariness-of-plea issue. Finding no error of law requiring reversal, we affirm.

At the post-conviction hearing, the petitioner's proof established that there had been confusion at the time of his guilty plea to the offense of especially aggravated kidnapping as to whether serious bodily injury was required to elevate the offense from aggravated kidnapping to especially aggravated kidnapping. The petitioner's trial counsel candidly admitted at the post-conviction hearing that he probably had not explained the difference between aggravated kidnapping and especially aggravated kidnapping to the petitioner. Counsel testified, however, that he had explained the difference between especially aggravated robbery and especially aggravated kidnapping in that serious bodily injury was an element of the former but not the latter. The transcript of the guilty plea hearing, which was received as an exhibit at the post-conviction hearing, reflects that the petitioner inquired of the court whether serious bodily injury was an element of especially aggravated kidnapping. Although the trial judge had initially indicated otherwise, he ultimately explained to the petitioner that serious bodily injury was not an essential element of especially aggravated kidnapping. Thereafter, the petitioner voiced his understanding and his willingness to go forward with the plea.

After considering all the evidence, including the testimony of the petitioner, his trial counsel, and the transcript of the guilty plea hearing, the court below found that the petitioner had failed to prove his allegations, and specifically, that "[the] petitioner entered a knowing plea of guilty to the offense of especially

aggravated kidnapping." On appeal, the evidence of record does not preponderate to the contrary. See, e.g., Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990). Because we find no error of law requiring reversal apparent on the record, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

_____
JAMES CURWOOD WITT, JR., JUDGE

CONCUR:


_____
DAVID H. WELLES, JUDGE


_____
JERRY L. SMITH, JUDGE